CULPEPPER, Judge.
This is a workmen’s compensation case. The plaintiff insurer, after paying weekly benefits to the disabled defendant for several months following the accident, sought to have defendant examined by a physician of the insurer’s choice. Defendant agreed to the examination, but demanded that it be made in the presence of his attorney. The doctor refused to make the examination with the employee’s attorney present. The insurer then filed this suit for an order directing defendant to be examined by Dr. Russell C. Grunsten, out of the presence of defendant’s attorney, and in default thereof that the payment of workmen’s compensation benefits be suspended.
To this suit defendant filed an exception of no cause or right of action. The district judge sustained the exception and dismissed plaintiff’s suit, giving as his reason that the defendant-employee had the right to have his counsel present during the physical examination. Plaintiff appealed.
The first issue is whether plaintiff has stated a cause of action permissible under the Workmen’s Compensation Act. For purposes of this exception, the facts alleged are essentially as set forth above. The applicable statutory provisions are:
LSA-R.S. 23:1121 provides:
“An injured employee shall submit himself to an examination by a duly qualified medical practitioner provided and paid for by the employer, as soon after the accident as demanded, and from time to time thereafter as often as may be reasonably necessary and at reasonable hours and places, during the pend-ency of his claim for compensation or during the receipt by him of payments under this Chapter.”
LSA-R.S. 23:1122 provides in pertinent part:
“The employer shall cause the examination provided for in the preceding section to be made immediately after knowledge or notice of the accident, and to serve a copy of the report of such examination made by the employer’s physician upon the employee within six days after the examination.”
LSA-R.S. 23:1124 provides:
“If the employee refuses to submit himself to a medical examination as provided in this Sub-part or in anywise obstructs the same, his right to compensation and to take or prosecute any further proceedings under this Chapter shall be suspended until the examination takes place. When a right to compensation is suspended no compensation shall be payable in respect to the period of suspension.”
In support of his argument on this issue, defendant turns to LSA-R.S. 23:1311, which has to do with the institution of workmen’s compensation suits and the procedure therefor. That statute states “In case of dispute over or failure to agree upon a claim for compensation * * * either party may present a verified petition to the district court * * * ” Defendant argues there is no dispute here, inasmuch as plaintiff is paying and defendant is receiving weekly benefits, and hence plaintiff has no right to initiate these proceedings.
This argument has no merit. In the first place, there is a dispute, i. e., plaintiff seeks, and defendant resists, a physical examination to determine whether or not the employee is still disabled. Furthermore, LSA- *668 R.S. 23:1121 expressly requires the employee to submit to examination “from time to time thereafter as often as may be reasonably necessary”. Then LSA-R.S. 23 :- 1124 expressly provides that if the employee refuses to submit himself to such medical examinations, his rights to compensation benefits shall be suspended. Clearly, plaintiff’s petition has stated a cause of action permitted by the statutes.
The next question is whether plaintiff’s petition states a cause of action in asking that the employee submit to a physical examination outside the presence of the employee’s attorney. In his reasons for judgment, the trial judge states he has already ruled in two previous cases that the person examined has an absolute right to have his counsel present. In order to be consistent, the district judge ruled the same in this case. However, we are informed by plaintiff’s brief, and it is not denied by the defendant-employee, that after the present case was appealed the district judge reversed his rulings in the two previous cases and held that the person examined did not have an absolute right to have his attorney present.
In the case of Simon v. Castille et al., 174 So.2d 660 (3rd Cir. 1965), rendered by us on the same day as the decision in the present case, we have discussed in detail the right of the examinee to have his attorney present. It is true the Simon case is a tort action and involves provisions of the Code of Civil Procedure, whereas the present case involves the Workmen’s Compensation Act. But the statutory provisions applicable here are basically the same. They both require submission to physical examination and both provide for furnishing reports to the person examined. The arguments made in the Simon case are essentially the same as those made here and our conclusions as to those arguments are the same.
For the reasons assigned, the judgment appealed is reversed and set aside and this case is remanded to the district court for further proceedings in accordance with law and the views expressed herein.
Reversed and remanded.